FILED
AUG 12 2011
Clerk, U.S. District and
Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JO ANN MYERS STEPNEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 11 1468 |
| ) | |
| MILLER IMPORT CORP, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter comes before the Court on the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that she is both the inspiration for and subject of certain art pieces for which she has received neither recognition nor payment. *See* Compl. at 2 (page numbers designated by the Court). She demands that she "be confinsated [sic] with ten billion dollars." *Id.* at 3.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(i). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion

to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

Mindful that a complaint filed by a *pro se* litigant is held to a less stringent standard than that applied to a formal pleading drafted by a lawyer, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court concludes that the factual contentions of the plaintiff's complaint are irrational and wholly insufficient to state a cognizable civil claim. Accordingly, the Court will dismiss this action under 28 U.S.C. § 1915(a)(2)(B)(i) as frivolous.

An Order consistent with this Memorandum Opinion will be issued on this same date.

DATE: 8/2/11

/Henry H. Kennedy, Jr./
United States District Judge